IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KEAHMIEE MOSES, as biological mother and next of kin of, NONI MOSES and NYLA MOSES, deceased minors; and<br><br>(2) TYLER EDWARDS RENTIE, Individually, and as biological father and next of kin of NYLA MOSES<br><br>      Plaintiff,<br><br>v.<br><br>(1) PAUL FORKEOTES, an Individual,<br>(2) NATIONAL HOLDINGS, LLC, A foreign limited liability company;<br>(3) LONDON SQUARE-MBD, LLC, A domestic limited liability company;<br>(4) GTE SYLVANIA INCORPORATED, A foreign for profit corporation;<br>(5) SYLVANIA ELECTRIC PRODUCTS, INC., A foreign, for profit corporation;<br>(6) CHALLENGER ELECTRICAL EQUIPMENT CORP., A foreign for profit corporation;<br>(7) WESTINGHOUSE ELECTRIC CORPORATION, A foreign for profit corporation;<br>(8) EATON ELECTRICAL, INC., A Foreign for profit corporation;<br>(9) CUTLER HAMMER, INC., A foreign for profit corporation;<br><br>      Defendants. | Case No. 4:16-cv-00303-CVE-PJC |

**ANSWER OF DEFENDANT, NATIONAL HOLDINGS, LLC**

  COMES NOW the Defendant, National Holdings, LLC (hereinafter "National Holdings"), by and through its attorneys of record, Holden & Carr, who states the

following as its Answer to Plaintiffs' First Amended Petition filed in state court on November 13, 2015. National Holdings generally denies all allegations contained within Plaintiffs' First Amended Petition and further responds in numerical sequence as follows:

1. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

2. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 2 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

3. Paragraph 3 of Plaintiff's First Amended Petition contains no allegations directed towards National Holdings and therefore no response is required.

4. National Holdings admits the allegations contained within paragraph 4 of Plaintiff's First Amended Petition.

5. National Holdings admits the allegations contained within paragraph 5 of Plaintiff's First Amended Petition.

6. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

7. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

-2-

8. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

9. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

10. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

11. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

12. National Holdings admits the allegations contained within paragraph 12 of Plaintiff's First Amended Petition.

13. National Holdings admits the allegations contained within paragraph 13 of Plaintiff's First Amended Petition.

## COMMON FACTS

14. Paragraph 14 of Plaintiff's First Amended Petition contains no allegations directed towards National Holdings and therefore no response is required.

15. Paragraph 15 of Plaintiff's First Amended Petition is denied as stated.

16. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

17. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

18. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 18 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

19. National Holdings lacks sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's First Amended Petition and therefore denies the same and demands strict proof thereof.

20. To the extent paragraph 20 of Plaintiff's First Amended Petition is directed at National Holdings, National Holdings denies said allegations and demands strict proof thereof.

COUNT ONE: MANUFACTURER'S PRODUCT LIABILITY – ZINSCO DEFENDANTS

21. Paragraph 21 of Plaintiff's First Amended Petition contains no allegations directed toward National Holdings and therefore no response is required.

22. Paragraph 22 of Plaintiff's First Amended Petition contains no allegations directed toward National Holdings and therefore no response is required.

COUNT TWO: NEGLIGENCE – ZINSCO DEFENDANTS

23. Paragraph 23 of Plaintiff's First Amended Petition contains no allegations directed toward National Holdings and therefore no response is required.

24. Paragraph 24 of Plaintiff's First Amended Petition contains no allegations directed toward National Holdings and therefore no response is required.

COUNT THREE: NEGLIGENCE – LANDLORD DEFENDANTS

25. Paragraph 25 of Plaintiff's First Amended Petition calls for legal conclusion and therefore no response it required.

26. Paragraph 26 of Plaintiff's First Amended Petition calls for legal conclusion and therefore no response it required.

27. National Holdings denies the allegations contained within paragraph 27 of Plaintiff's First Amended Petition.

With regard to the unnumbered "WHEREFORE" paragraph following paragraph 27 of Plaintiffs' First Amended Petition, National Holdings, LLC, incorporates its responses to all of the foregoing and denies that Plaintiffs are entitled to any of the relief requested therein.

<b>DEFENSES</b>

Defendant, National Holdings, LLC, having fully answered Plaintiffs' First Amended Petition as set out above, sets forth the following Defenses, including Affirmative Defenses:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. National Holdings denies any casual connection between Plaintiffs' alleged damages and its actions or inactions.

3. The injuries or damages alleged by Plaintiffs were proximately caused or contributed to by the negligence or fault of third parties over whom National Holdings had no control.

4. At all times relevant thereto, National Holdings met and exceeded applicable standards of care.

5. Plaintiffs' First Amended Petition fails to plead facts necessary to give rise to the imposition of punitive damages.

6. An award of punitive damages would violate National Holdings' protected rights under the United States and Oklahoma Constitutions.

7. Plaintiffs' claims may be barred in whole or in part due to the doctrine of assumption of the risk by leaving the custody and care of their children in the hands of Miashah Moses, an individual with a documented criminal history and now a two-time convicted felon for child neglect arising out of the incident in question in Case No. CF-2013-5838, in and for the District Court of Tulsa County, State of Oklahoma.

8. Plaintiffs' claims are barred to the extent their damages resulted from Miashah Moses' conduct, which was a superseding and intervening cause.

9. National Holdings had no duty to warn about possible dangers that were not known or discoverable with the exercise of reasonable diligence existing within the apartment complex's condition at the time of the incident in question.

10. Plaintiffs have failed to join necessary parties, specifically the electrical installation technician if the cause of the fire is determined to be electrical based.

11. Plaintiffs' damages, if any, must be apportioned among all potentially responsible parties and non-parties. The true identity of all such potentially responsible non-parties is not presently known to National Holdings.

12. National Holdings affirmatively asserts that it breached no duty owed Plaintiffs or the decedents.

13. Plaintiffs' alleged injuries and damages are the result of an unavoidable casualty or misfortune over which National Holdings cannot be held legally responsible.

National Holdings, LLC, specifically reserves the right to amend this Answer, including affirmative defenses, as discovery progresses or in accordance with a scheduling order established by the Court.

WHEREFORE, having fully answered, National Holdings, LLC, respectfully requests that the Court dismiss Plaintiffs' First Amended Petition and grant its costs, attorney fees, and such other relief as this Court deems proper.

JURY TRIAL DEMANDED.

Respectfully submitted,

**HOLDEN & CARR**

*s/ Drew A. Lagow*

_____
Michael L. Carr, OBA #17805
Drew A. Lagow, OBA #22618
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
MikeCarr@HoldenLitigation.com
DrewLagow@HoldenLitigation.com
*Attorneys for Defendants, London Square-MBD, LLC and National Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Damon E. Sacra, OBA #21345
Benjamin Oxford, OBA #22259
Andrew L. Richardson, OBA #16298
Lance E. Leffel, OBA #19511

*s/ Drew A. Lagow*

_____
Drew A. Lagow

HC 91.046