UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KEAHMIEE MOSES, Individually and as )
Biological Mother and Next of Kin of Noni )
Moses and Nyla Moses, deceased minors, and )
TYLER EDWARD RENTIE, Individually )
and as Biological Father and Next of Kin of )
Nyla Moses, )
                                                          )
                  Plaintiffs, )
                                                       )
v. ) Case No. 16-CV-0303-CVE-PJC
                                                        )
PAUL FORKEOTES et al., )
                                                        )
                  Defendants. )

## OPINION AND ORDER

Now before the Court is Plaintiff's [sic] Motion to Remand (Dkt. # 42). Plaintiffs[1] argue that defendants, National Holding, LLC (National Holding) and London Square MBD, LLC (London Square), removed this case to federal court without obtaining the consent of all defendants who had been properly served and that the consent provided by defendant Osram Sylvania, Inc. (Osram) was invalid. Dkt. # 42, at 3-7. Defendants respond that Sylvania Electric Products Inc. (Sylvania) and Challenger Electrical Equipment Corp. (Challenger) were not properly served and defendants were not required to obtain Sylvania's or Challenger's consent before filing a notice of removal. Dkt. # 48, at 11-14. Defendants also argue that Osram's statement of "no objection" to removal was the functional equivalent to consent to removal. Id. at 7-9.

---

[1] The body of the motion to remand refers to "plaintiff," but the signature box is signed by counsel as "attorney for plaintiffs." The Court construes the motion to be filed by both plaintiffs.

**I.**

On November 13, 2015, plaintiffs filed this case in Tulsa County District Court alleging that Noni and Nylah Moses were killed in an apartment fire, and she claims that the fire was caused by faulty wiring and electrical components and that the owners of the apartment building were aware of a dangerous condition existing in the apartment. Dkt. # 2-2, at 8. Plaintiffs allege claims of manufacturer's products liability and negligence and they seek damages in excess of $75,000. National Holding and London Square filed a notice of removal in this Court, and they attached an e-mail stating that Osram had "no objection to removal." Dkt. # 2-4, at 1. National Holding and London Square stated that none of the other defendants had been properly joined and served, and they believed that the remaining defendants were "defunct, misidentified, and/or not properly served and therefore exempt from the unanimity requirement." Defendant Paul Forkeotes had not been served when the notice of removal was filed and the time to serve Forkeotes had expired. Dkt. # 2-2, at 4.

On the same day the notice of removal was filed, defendants Eaton Electrical, Inc. (Eaton Electrical) and Cutler Hammer Inc. (Cutler) filed notice in this Court that they consented to removal of the case. Dkt. # 11. Defendants Sylvania, Challenger, and Westinghouse Electric Corporation (Westinghouse) have not filed an answer or otherwise appeared, and plaintiffs have not sought default judgment against them.

**II.**

Plaintiffs argue that defendants National Holding and London Square failed to obtain the consent of all defendants before removing the case to federal court and they ask the Court to remand the case to Tulsa County District Court. They claim that Westinghouse, Sylvania, and Challenger

have not consented to removal and the notice of removal does not show that National Holding and London Square acted diligently to determine if Westinghouse, Sylvania, and Challenger were properly served. Plaintiffs also assert that Osram did not affirmatively consent to removal when it stated that it had "no objection" to the notice of removal.

National Holding and London Square filed the notice of removal (Dkt. # 2) and they were clearly aware of the rule of unanimity. The removing defendants attached an e-mail from counsel for Osram stating that Osram "has no objection to removal." Dkt. # 2-4. They also attached evidence showing that The Corporation Company was not the registered agent for Westinghouse and The Corporation Company was unable accept service for Westinghouse. Dkt. # 2-5. Defendants Eaton Electrical and Cutler filed written consent to the removal on the same day that the notice of removal was filed. Dkt. # 11. In response to plaintiffs' motion to remand, defendants have provided evidence that Sylvania and Challenger have withdrawn their certificates of qualification to conduct business in Oklahoma. Dkt. # 48-1; Dkt. # 48-2. The evidence submitted by plaintiffs shows that they attempted to serve Sylvania and Challenger through the Oklahoma Secretary of State, even though Sylvania and Challenger are not registered to conduct business in Oklahoma. Dkt. # 42-1, at 6; Dkt. # 42-2, at 6.

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Courts generally refer to this requirement as the "rule of unanimity," and it applies to cases removed on the grounds of diversity and federal question jurisdiction. McShares, Inc. v. Barry, 979 F. Supp. 1338 (D. Kan. 1997). There are two exceptions when total unanimity of defendants in the decision to remove a case to federal court is not required: "First, a nominal or

3

formal party is not required to join in the petition for removal. Second, a defendant who has not yet been served with process is not required to join." Federal Nat'l Mortg. Ass'n v. Milasinovich, ___ F. Supp. 3d ___, 2016 WL 1411256 (D.N.M. Mar. 30, 2016) (citing Brady v. Lovelace Health Plan, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007)). The rule of unanimity has not been interpreted to require that each defendant actually sign the notice of removal, but defendants are typically required to "officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of receiving the complaint." Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995) (citing Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D.W.Va. 1993)). Some courts have found it sufficient that a notice of removal is filed and signed by counsel for the removing defendant and that the notice of removal states that all other defendants who have been properly served consent to the removal. Mayo v. Bd. of Educ. of Prince George's County, 713 F.3d 735, 742 (4th Cir. 2013); Bruning v. City of Guthrie, Oklahoma, 101 F. Supp. 3d 1142, 1144 (W.D. Okla. 2015).

The Court will initially consider plaintiffs' argument that Osram failed to affirmatively consent to removal by stating that it had "no objection" to removal. Plaintiffs claim that a statement of "no objection" is insufficient to show that a party actually consents to removal, because the removal statutes require that each defendant "consent" to the removal and removal statutes should be construed strictly and in favor of remand. Dkt. # 42, at 4. The Court finds no meaningful difference between a statement of "no objection" and consent to removal, and it is clear from reviewing the e-mail sent by counsel for Osram that Osram was affirmatively consenting to removal. Courts have declined to remand cases under the rule of unanimity based on a defendant's statement of "no objection to removal" and have found that a defendant's statement of "no objection" is

4

sufficient to show consent to removal. Griffioen v. Ceder Rapids and Iowa City Ry. Co., 785 F. 3d 1182, 1187 (8th Cir. 2015); York Hannover Holding A.G. v. American Arbitration Ass'n, 794 F. Supp. 118, 122 (S.D.N.Y. 1992). Plaintiffs acknowledge that it is not necessary for each defendant to sign the notice of removal, and their sole argument as to Osram is that a statement of "no objection to removal" is insufficient to consent to removal of a case. The Court rejects that argument and finds that the e-mail from Osram's counsel attached to the notice of removal was sufficient to show Osram's consent to removal. In any event, Osram has filed an answer and has not raised any objection to removal, and this further shows that Osram affirmatively consents to removal. Dkt. # 33.[2]

Plaintiffs argue that National Holding and London Square failed to obtain the consent of all defendants who have yet to enter an appearance, and an assertion that the non-appearing defendants were improperly served was insufficient to exclude the non-appearing defendants from the unanimity requirement. Dkt. # 42, at 5-7. Plaintiffs claim that the state court docket sheet contained returns of service for all of the defendants and National Holding and London Square did not act diligently to determine that any of the defendants except for Westinghouse were improperly served. Id. at 6. Plaintiffs cite Maddox v. Delta Airlines, Inc., 2010 WL 3909228 (N.D. Okla. Sep. 29, 2010), for the proposition that a defendant may not remove a case without the consent of all named defendants based only on the removing defendant's belief that a party has not been served.

---

[2]  In its answer, Osram states that "this case was properly removed pursuant to U.S.C. §§ 1332, 1441, and 1446 because this Court has subject matter jurisdiction over this diversity action . . . ." Dkt. # 33, at 3. This further supports a finding that Osram's statement of "no objection" was intended to convey affirmative consent to removal of this case to federal court.

In this case, plaintiffs' amended petition names nine defendants. The case was removed by National Holding and London Square, and the notice of removal includes an e-mail from counsel for Osram consenting to the removal. The notice of removal also states that Westinghouse was not properly served and a letter is attached from the Corporation Company stating that it could not accept service for Westinghouse. The notice of removal states that Forkeotes was not served and that the time to serve Forkeotes had passed, and plaintiff has not challenged this assertion. See Dkt. # 2, at 4. This leaves four defendants that had not entered an appearance whose consent was not affirmatively noted in the notice of removal. On the same day the notice of removal was filed, Eaton Electrical and Cutler filed notice that they consented to the removal of the case. Dkt. # 11. In response to the motion to remand, defendants have provided evidence that Sylvania and Challenger have withdrawn their certificates of qualification to conduct business in Oklahoma. Dkt. # 48-1; Dkt. # 48-2. Plaintiff attempted to serve Sylvania and Challenger through the Oklahoma Secretary of State, but these entities were not conducting business in Oklahoma and could not be served by this method. This means that all defendants who were properly served (National Holding, London Square, Osram, Eaton Electrical, Cutler) have consented to removal.

The Court finds that plaintiffs' reliance on Maddox is misplaced. In Maddox, a notice of removal was filed by Delta Airlines, Inc. (Delta), but there were three named defendants and the notice of removal did not state that the remaining defendants consented to removal or were improperly served. Maddox, 2010 WL at *2. The state court docket sheet did not reflect service on the two remaining defendants at the time of removal, but the defendants had been served and the returns of service were docketed in state court after the notice of removal had been filed. The court concluded that a removing defendant's lack of knowledge that other defendants had been served was

not sufficient to excuse the removing defendant from obtaining the consent of all properly served defendants. Id. at *4. However, Maddox dealt with an issue that is not present in this case, because plaintiff has not shown that Westinghouse, Challenger, or Sylvania were properly served. Unlike Maddox, National Holding and London Square have presented evidence establishing that Westinghouse, Challenger, and Sylvania were not properly served, and their consent was not required before the notice of removal was filed. The notice of removal alleges that the "remaining defendants . . . named in Plaintiffs' First Amended Petition are believed to be either defunct, misidentified, and/or not properly served" and that Forkeotes had not been served, and the basis for the removing defendants' belief that they had complied with the rule of unanimity is clearly stated in the notice of removal. Plaintiffs have not shown that the removing defendants' belief was mistaken, and this is not a case where the removing defendant merely looked at the state court docket sheet and filed a notice of removal after finding no returns of service for the remaining defendants. The notice of removal clearly states the basis for removal and alleges that the rule of unanimity is satisfied, and defendants have shown that the rule of unanimity was satisfied. Plaintiffs' motion to remand should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's [sic] Motion to Remand (Dkt. # 42) is **denied**.

**DATED** this 24th day of August, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE